

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANITA PATTERSON,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS) As Nominee for Pacific Mutual Funding Inc dba Pacific Residential financing as beneficiary; et al.,<br><br>        Defendants - Appellees. | No. 11-56092<br><br>D.C. No. 2:11-cv-02935-R-MAN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Danita Patterson appeals pro se from the district court's order dismissing

her foreclosure action.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm in part, vacate in part, and remand.

The district court properly dismissed as time-barred Patterson's claims for intentional misrepresentation and fraudulent concealment because Patterson failed to file her action within three years, or establish a basis for tolling due to delayed discovery. *See* Cal. Civ. Proc. Code § 338(d) (limitations period for fraud claims); *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005) (discovery rule only delays accrual of a claim until the plaintiff has, or should have, inquiry notice of the claim on the basis of a reasonable investigation).

The district court properly dismissed Patterson's claim for breach of the implied covenant of good faith and fair dealing because Patterson failed to allege sufficient facts showing that defendants interfered with her right to receive the benefits of the loan transaction at issue. *See Racine & Laramie, Ltd. v. Cal. Dep't of Parks & Recreation*, 14 Cal. Rptr. 2d 335, 339 (Ct. App. 1992) (elements of a claim for breach of the covenant of good faith and fair dealing).

The district court did not abuse its discretion in dismissing the above-mentioned claims without leave to amend because amendment would have been futile. *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012) (a party is not entitled to amend the complaint if amendment would be futile).

11-56092

However, in light of our recent analogous decision in *Compton v. Countrywide Financial Corp.*, __ F.3d __, No. 11-17158, 2014 U.S. App. Lexis 14977 (9th Cir. Aug. 4, 2014), it appears that the district court prematurely dismissed Patterson's claim under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200, because Patterson adequately alleged a plausible claim that defendants engaged in unfair, deceptive, and fraudulent business practices during her loan modification process. *See id.* at *12-17 (whether borrower states an unfair competition claim against a lender under the Hawaii Unfair Practices Act does not depend on the lender breaching a duty of care to the borrower, but on the adequacy of the allegation that the lender used unfair or deceptive acts in its relationship with the borrower); *see also People ex rel. Harris v. PAC Anchor Transp., Inc.*, 329 P.3d 180, 188 (Cal. 2014) (§ 17200's "scope is broad," its coverage is "sweeping," and it "defines unfair competition to mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising" (internal quotation marks and citations omitted)). Accordingly, we remand to allow Patterson to pursue her § 17200 claim.

We do not address Patterson's request, raised for the first time on appeal, for leave to add new claims. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir.

11-56092

2009) (per curiam).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

11-56092